UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:26-CR-013-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BILLY JO HARLOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 21 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Billy Jo Harlow's guilty plea and adjudge him guilty of Counts 1, 2, and 3 of the Information. *See* DE 19 (Information); *see also* DE 24 (Recommendation); DE 25 (Binding Plea Agreement). Judge Atkins expressly informed Harlow of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 24 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver

and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to “any objection” filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to “those portions” of the recommendation “to which objection is made”).

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 24, **ACCEPTS** Harlow’s guilty plea, and **ADJUDGES** Harlow guilty of Counts 1, 2, and 3 of the Information;
2. Further, per Judge Atkins’s unopposed recommendation and Defendant’s agreement, *see* DE 25 at ¶ 8, the Court provisionally **FINDS** that the property identified in the operative Information, *see* DE 19 at 2-3, is forfeitable and that Harlow has an interest in said property. The Court preliminarily (and provisionally) **ADJUDGES** Defendant’s interest in such property **FORFEITED** and thus, the Court enters a preliminary order of forfeiture. The order extends to the specific property (the named or referenced devices) identified in the Information’s forfeiture section. If the United States seeks forfeiture beyond that scope, it shall file a motion within thirty days, and the Court will proceed as warranted by such motion.
3. The Court will issue a separate sentencing order.[1]

This the 3rd day of November, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**

[1] At the hearing, Judge Atkins remanded Harlow to custody. *See* DE 21. This was his status pretrial. *See* DE 6; 8. Absent an intervening order, Harlow will remain in custody pending sentencing.